**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DEBORAH CABRERO, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-1698-BAJ-EWD** |
| **BRACE INTEGRATED SERVICES, INC., ET AL.** | |

## NOTICE AND ORDER

This is a civil action involving claims of employment discrimination brought by Deborah Cabrero, Nicaurys Duran Garcia, Candida Rosa Echevarria, Miolanis Ferreira Reynoso, Alicia Morales, Maria A. Murillo, Reina Isabel Pavon and Andrea Mercedes Weddborn (collectively, "Plaintiffs") against Brace Integrated Services, Inc. and Aptim Services, Inc. (collectively, "Defendants").[1] On or about October 27, 2017, Plaintiffs filed a Petition for Damages against the Defendants in the Twenty-Third Judicial District Court for the Parish of Ascension, State of Louisiana, alleging that they were discriminated against based on their sex in violation of Louisiana law.[2] The matter was removed to this Court by Aptim Maintenance, LLC on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a).[3]

Despite Aptim Maintenance, LLC's assertion that it was incorrectly named as "Aptim Services, Inc." in Plaintiff's original Petition, 28 U.S.C. § 1441(a) provides that, "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by **the defendant**

---

[1] *See*, R. Doc. 1-2.
[2] *Id.*; *See*, R. Doc. 1-2 at p. 8, ¶ 31 and p. 11.
[3] R. Doc. 1 at ¶ 5. Aptim Maintenance, LLC asserts that it was incorrectly named "Aptim Services, Inc." in the Petition for Damages. *Id*. at Introductory Paragraph.

**or the defendants**, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). In an unpublished opinion, the Fifth Circuit has stated that, "Under 28 U.S.C. § 1441(a), only a defendant may remove a civil action from state court to federal court. A non-party, even one that claims to be a real party in interest, lacks the authority to institute removal proceedings." *De Jongh v. State Farm Lloyds*, 555 F. App'x 435, 437 (5th Cir. 2014) (citing *Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 575 (5th Cir. 2006)). The *De Jongh* court further explained that, "In *Salazar*, we held, under facts nearly identical to those here, that a district court cannot 'create removal jurisdiction based on diversity by substituting parties.'" *De Jongh*, 555 F. App'x at 438 (citing *Salazar*, 455 F.3d at 573). However, other courts in this Circuit have distinguished situations in which a removing party is merely misnamed (*i.e.*, all parties agree that the removing party is the proper defendant) and the court "would not be manufacturing diversity jurisdiction based on inserting defendants into or dismissing them from a case." *Lefort v. Entergy Corp.*, Civ. A. No. 15-1245, 2015 WL 4937906, at *3 (E.D. La. Aug. 18, 2015).

In the Petition for Damages, Plaintiffs allege the following:

> CB&I (Now APTIM SERVICES, INC.) INTENTIONAL INTERFERENCE WITH EMPLOYMENT CONTRACT
> 23.
> CB&I (now APTIM) is the General Contractor on the OxyChem job and hired Brace Integrated Services to perform insulation services.
> 24.
> Brace Integrated Services, Inc. Superintendent Israel Reyes stated to Brace Integrated Services, Inc. Foreman Jose Morales that CB&I, the general contractor on the Oxychem job wanted the women insulators working at Brace Integrated Services Inc. fired.[4]

Based on the allegations set forth in the Petition, it appears that the Plaintiffs intended to name as a defendant the general contractor at Occidental Chemical Corporation ("OxyChem") that

---
[4] R. Doc. 1-2 at p. 7, ¶¶ 23 and 24.

hired Bruce Integrated Services, Inc. to provide insulation services. Plaintiffs have not contested the assertion that Aptim Maintenance, LLC was incorrectly named in the Petition.

With respect to subject matter jurisdiction, the Notice of Removal contains the following allegations regarding the citizenship of the parties:

> 2.
> On information and belief, all plaintiffs in the above captioned matter are domiciliaries of the state of Louisiana.
> 3.
> Aptim Maintenance, LLC is a Louisiana corporation with its principal place of business in Baton Rouge, Louisiana.
> 4.
> Brace Integrated Services, Inc. ("Brace" and, collectively with APTIM, "Defendants") is a Kansas Corporation with its principal place of business in Houston, Texas.
> 5.
> 28 U.S.C. § 1332(a)(l) vests United States District Courts with original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs and is between citizens of different states. As demonstrated above, APTIM is the only non-diverse party preventing this court from maintaining diversity jurisdiction over this matter. On information and belief, APTIM respectfully submits that it should not be considered for the purpose of diversity of citizenship pursuant to 28 U.S.C. § 1332. APTIM respectfully maintains that it was fraudulently joined as a party defendant for the sole purpose of attempting to deprive Defendants of their rights to remove this case to federal court.[5]

Proper information regarding the citizenship of all parties is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. Although citizenship has been adequately alleged with respect to the Plaintiffs, Aptim Maintenance, LLC and Brace Integrated Services, Inc.,[6] the Notice of Removal contains no allegation of citizenship with respect

---

[5] R. Doc. 1 at ¶¶ 2-5.
[6] With respect to the Plaintiffs, the Fifth Circuit has explained that, "For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted). With respect to Aptim Maintenance, LLC and Bruce Integrated Services, Inc., the Fifth Circuit has held

to Aptim Services, Inc. To the extent that Aptim Services, Inc. is an existing entity and is diverse from the Plaintiffs, the question of which party is the proper defendant does not affect whether this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) (*i.e.*, the *de facto* substitution of Aptim Maintenance, LLC in the place of Aptim Services, Inc.– to the extent that such substitution would be proper – would not result in the manufacturing of diversity in contravention of *De Jongh*).

Additionally, the Notice of Removal contains no allegation regarding the amount in controversy in this case. In the Petition for Damages, Plaintiffs seek "all sums as are reasonable under the premises, including but not limited to compensatory damages, special damages, exemplary damages, attorney's fees, interest on attorney's fees, costs, with judicial interest thereon from the date of judicial demand until paid pursuant to Louisiana State Law."[7] Plaintiffs allege that, "Each of the plaintiffs herein were supposed to work ten hours a day six or seven days a week. The plaintiffs have suffered lost wages due to not being able to find employment after being terminated."[8] Plaintiffs further allege that they have each suffered and continue to suffer from the following: (1) conscious pain and suffering; (2) physical injury; (3) great mental distress; (4) humiliation; (5) emotional distress; (6) loss of income and employment; (7) loss of benefits; (8) loss of wages, past, present and future; (9) loss of anticipated wages which would have resulted from promotion; (10) loss of promotion; (11) defamation; (12) loss of employability; and (13) other losses and injuries which will be shown at trial on the merits.[9]

---

that, "For diversity jurisdiction purposes, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business." *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988) (*citing* 28 U.S.C. § 1332(c)). Thus, to properly allege the citizenship of a corporation, a party must identify the place of incorporation and the corporation's principal place of business in accordance with the requirements of 28 U.S.C. § 1332(c).

[7] R. Doc. 1-2 at p. 2, ¶ 4.
[8] R. Doc. 1-2 at pp. 6-7, ¶ 22.
[9] R. Doc. 1-2 at p. 8, ¶ 32.

It is not apparent from the face of the Petition for Damages or the Notice of Removal that Plaintiffs' claims in this matter are likely to exceed $75,000. While Plaintiffs seek several items of damages, there is no indication of the physical injuries they incurred or the amount in controversy related to their alleged damages.

Although Plaintiffs have not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically, whether the amount in controversy requirement has been met. *See, McDonal v. Abbott Laboratories*, 408 F.3d 177, 182 n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

Accordingly,

**IT IS HEREBY ORDERED** that Aptim Maintenance, LLC shall have seven (7) days from the date of this Notice and Order to file a comprehensive amended Notice of Removal (*i.e.*, it may not refer back to or rely on any previous pleading) that adequately alleges the amount in controversy and citizenship of all parties, including Aptim Services, Inc. to the extent such entity exists, to establish that the Court has diversity jurisdiction over the case.

**IT IS FURTHER ORDERED** that if the Plaintiffs agree with the allegations set forth in the Notice of Removal regarding Aptim Maintenance, LLC's status (*i.e.*, that Aptim Maintenance, LLC was incorrectly named as Aptim Services, Inc. in the original Petition), Plaintiffs shall file an Amended Complaint within fourteen (14) days of this Notice and Order. The Amended Complaint shall be comprehensive (*i.e.*, it may not refer back to or rely on any previous pleading) and must explicitly set forth the citizenship of each party.

Signed in Baton Rouge, Louisiana, on November 28, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**