UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DEBORAH CABRERO, ET AL.**               **CIVIL ACTION**

**VERSUS**                                **NO. 17-1698-BAJ-EWD**

**BRACE INTEGRATED SERVICES, INC., ET AL.**

## NOTICE AND ORDER

Before the Court is an Amended Notice of Removal,[1] filed by Aptim Maintenance, LLC,[2] pursuant to an Order issued by the undersigned on November 28, 2017.[3] The Amended Notice of Removal, however, fails to adequately allege the citizenship of the parties. The Amended Notice of Removal contains the following allegations regarding citizenship:

> 2.
> On information and belief, all plaintiffs in the above captioned matter are domiciliaries of the state of Louisiana.
> 3.
> Aptim Services, Inc. is a non-existent entity and thus was misnamed in this lawsuit.
> 4.
> APTIM is a Louisiana limited liability company with its principal place of business in Baton Rouge, Louisiana. Each of its members are also Louisiana domiciliaries or Louisiana corporations with their principal places of business in Louisiana.

---

[1] R. Doc. 5.
[2] The original Notice of Removal alleges that Aptim Maintenance, LLC was incorrectly named as Aptim Services, Inc. in the state court Petition for Damages. *See*, R. Doc. 1 at Introductory Paragraph.
[3] R. Doc. 4.

5.
Brace Integrated Services, Inc. ("Brace") is a Kansas Corporation
with its principal place of business in Houston, Texas.[4]

Proper information regarding the citizenship of all parties is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. Although citizenship has been adequately alleged with respect to the Plaintiffs and Brace Integrated Services, Inc.,[5] the Notice of Removal fails to properly allege the citizenship of Aptim Maintenance, LLC. The original Notice of Removal alleged that, "Aptim Maintenance, LLC is a Louisiana corporation with its principal place of business in Baton Rouge, Louisiana."[6] The Amended Notice of Removal, however, alleges that Aptim Maintenance, LLC "is a Louisiana limited liability company with its principal place of business in Baton Rouge, Louisiana. Each of its members are also Louisiana domiciliaries or Louisiana corporations with their principal places of business in Louisiana."[7]

Federal Rule of Civil Procedure 8(a)(1) requires that a pleading include "a short and plain statement of the grounds for the court's jurisdiction . . . ." Fed. R. Civ. P. 8(a)(1). *See also*, 28 U.S.C. § 1446(a) (requiring a notice of removal "containing a short and plain statement of the grounds for removal."). The Fifth Circuit has held that for purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all its members.

---

[4] R. Doc. 5 at ¶¶ 2-5 (internal footnote omitted).
[5] With respect to the Plaintiffs, the Fifth Circuit has explained that, "For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted). With respect to Brace Integrated Services, Inc., the Fifth Circuit has held that, "For diversity jurisdiction purposes, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business." *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988) (*citing* 28 U.S.C. § 1332(c)). Thus, to properly allege the citizenship of a corporation, a party must identify the place of incorporation and the corporation's principal place of business in accordance with the requirements of 28 U.S.C. § 1332(c).
[6] R. Doc. 1 at ¶ 3.
[7] R. Doc. 5 at ¶ 3.

*Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Recently, the Fifth Circuit explained that, "[a] party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." *Settlement Funding, LLC v. Rapid Settlements, Limited*, 851 F.3d 530, 536 (5th Cir. 2017). Thus, to properly allege the citizenship of a limited liability company, a party must identify each of the members of the limited liability company and the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c). The same requirement applies to any member of a limited liability company which is also a limited liability company. *See, Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, Civ. A. No. 06-88-A, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [so] can result in dismissal for want of jurisdiction.") (citations omitted).

Here, while Aptim Maintenance, LLC's proposed allegation – that each of its members are Louisiana domiciliaries or Louisiana corporations with their principal places of business in Louisiana – is an affirmative allegation (*i.e.*, it does not phrase the members' citizenship in the negative), the proposed allegation does not distinctly list the members of Aptim Maintenance, LLC or set forth each members' citizenship. Without setting forth each member of Aptim Maintenance, LLC distinctinctly, and alleging the citizenship of such member in accordance with the rules applicable to that particular member, the Court is unable to determine whether federal subject matter jurisdiction exists.

Accordingly,

**IT IS HEREBY ORDERED** that Aptim Maintenance, LLC shall shall have seven (7) days from the date of this Notice and Order to file a Motion to Substitute the Amended Notice of

Removal[8] with a comprehensive, amended notice of removed (*i.e.*, it may not refer back to or rely on any previous pleading) that adequately alleges the citizenship of all parties, including Aptim Services, Inc.,[9] to establish that the Court has diversity jurisdiction over the case.

Signed in Baton Rouge, Louisiana, on December 6, 2017.

*[signature]*
**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[8] R. Doc. 5.
[9] *See*, R. Doc. 4 at pp. 2-4.